GEORGE E. JARVIS and FLORENCE G. JARVIS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jarvis v. Commissioner
Docket No. 13364-79.
United States Tax Court
T.C. Memo 1981-409; 1981 Tax Ct. Memo LEXIS 338; 42 T.C.M. (CCH) 589; T.C.M. (RIA) 81409; August 6, 1981. George E. Jarvis, pro se. David P. Fuller, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined a deficiency of $ 788 in petitioners' Federal income tax for 1976. The issue is whether the retroactive application of the minimum tax, section 56, [1] violates the Constitution of the United States. *339 All the facts have been stipulated and are found accordingly. Petitioners George E. Jarvis and Florence G. Jarvis resided in Ventura, Calif. when they filed their petition in this case. During the taxable year 1976, petitioners realized net long-term capital gain from the sale of various capital assets in the amount of $ 30,506.93. All but $ 1,653.69 of the above-mentioned net long-term capital gain was attributable to sales completed before October 4, 1976 and after January 1, 1976. Petitioners deducted $ 15,253.47, 50 percent of the net long-term capital gain reported on their 1976 Federal income tax return, as a capital gain deduction under section 1202. Petitioners did not report this capital gain deduction as an item of tax preference under section 57(a)(9)(A), nor did their return reflect any liability for the minimum tax with respect to this item. In his notice of deficiency, respondent determined that petitioners' section 1202 deduction in the amount of $ 15,253.47 was an item of tax preference which generated a minimum tax liability in the amount of $ 788. The issue is whether the 1976 amendments to the minimum tax, section 56, are unconstitutional as applied *340 to transactions completed before their enactment. On October 4, 1976, the President signed the Tax Reform Act of 1976, Pub. L. 94-455, 90 Stat. 1520. Section 301 of that Act, 90 Stat. 1549, amended section 56(a) so as to increase the rate of the minimum tax and to reduce the amount exempted from the minimum tax to $ 10,000 or one-half of the taxpayer's regular income tax liability (with certain adjustments), whichever is greater. Section 301(g)(1) of that Act provides the effective date with certain exceptions not relevant here: the amendments made by this section shall apply to items of tax preference for taxable years beginning after December 31, 1975. Petitioners argue that since all but $ 1,653.69 of their net capital gain for 1976 was realized prior to October 4, 1976, their case should be controlled by the provisions of section 56 as they existed prior to amendment by the Tax Reform Act of 1976. Prior to its amendment, section 56 exempted from the minimum tax an individual taxpayer's first $ 30,000 of tax preference items plus an amount equal to his "regular" tax liability. Since the preference item in this case totals only $ 15,253.47, petitioners conclude that they *341 have no minimum tax liability for 1976. Petitioners contend that the 1976 amendments cannot constitutionally be applied to a transaction completed before their enactment. The United States Supreme Court recently passed on a constitutional attack to the retroactive application of the very amendments at issue in this case. Upholding the constitutional validity of section 56 as amended by section 301 of the Tax Reform Act of 1976, the Supreme Court permitted retroactive application of the amendments in the face of a due process challenge. (Jan. 12, 1981). See , affd. per curiam . Citing a long line of case law and recognizing the practicalities of producing national legislation, the Supreme Court noted that it is customary congressional practice to apply an income tax statute to the entire calendar year in which enactment took place. In short, petitioner's case is indistinguishable from Darusmont. Accordingly, Decision will be entered for respondent. Footnotes
1. Unless otherwise indicates, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩